IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CITY OF WALTERBORO, COLLETON COUNTY COUNCIL, COLLETON COUNTY SCHOOL BOARD, COLLETON BUSINESS ALLIANCE, WALTERBORO-COLLETON CHAMBER OF COMMERCE, TOWN OF EDISTO BEACH, EDISTO CHAMBER OF COMMERCE, and WILLIAM T. YOUNG, JR., in both his official capacity as Mayor of Walterboro and in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 2:14-cv-3231-PMD |
| v. | ) ) ) | |
| SENATOR CLEMENTA C. PINCKNEY, SENATOR GEORGE E. "CHIP" CAMPSEN, III, SENATOR C. BRADLEY HUTTO, and SENATOR JOHN W. MATTHEWS, JR. in their official capacities as members of the South Carolina Senate; ROBERT L. BROWN, KENNETH F. HODGES, PATSY G. KNIGHT, and BAKARI T. SELLERS, in their official capacities as members of the South Carolina House of Representatives, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT**

**NATURE OF THE CASE**

1.      This is an action brought under 42 U.S.C. § 1983 to enforce rights guaranteed to

Plaintiffs by the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the

United States.  Plaintiffs seek declaratory and injunctive relief against the use of the new districts

for the Colleton County, South Carolina School District Board that were established by Senate Bill

1

1284 on May 16, 2014, on the grounds that they are malapportioned in violation of one person, one vote and that they disenfranchise and dilute the voting rights of certain residents of Colleton County. Plaintiffs further seek a court-ordered plan that remedies the existing malapportionment and constitutional infirmities and complies with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, so that the upcoming elections can go forward in a timely and lawful manner.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this case pursuant to Article III of the Constitution of the United States and 28 U.S.C. §§ 1331, and 1343(a)(3) & (4).

3.      This suit is authorized by 42 U.S.C. § 1988.

4.      Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in the Charleston Division of the District of South Carolina pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiffs City of Walterboro, Colleton County Council, Colleton County School Board, and Town of Edisto Beach are political subdivisions of the State of South Carolina and bodies politic with duly elected members who represent citizens and registered voters of Colleton County residing in districts for the Colleton County School Board who have been disenfranchised and whose voting rights have been diluted because they will have no elected representatives on the School Board for at least two years (Districts 3 and 7), or because they will be represented by an incumbent member of the School Board whom they did not elect (District 5), and they will be affected by any court ordered redistricting.

7. Plaintiffs Colleton Business Alliance, Walterboro-Colleton Chamber of Commerce, and Edisto Beach Chamber of Commerce are private, non-profit business organizations whose members include registered voters of Colleton County residing in districts for the Colleton County School Board who have been disenfranchised and whose voting rights have been diluted because they will have no elected representatives on the School Board for at least two years (Districts 3 and 7), or because they will be represented by an incumbent member of the School Board whom they did not elect (District 5), and they will be affected by any court ordered redistricting.

8. Plaintiff William T. Young, Jr. is the duly elected mayor of the City of Walterboro who represents citizens and registered voters of the City of Walterboro residing in districts for the Colleton County School Board who have been disenfranchised and whose voting rights have been diluted because they will have no elected representatives on the School Board for at least two years (Districts 3 and 7), or because they will be represented by an incumbent member of the School Board whom they did not elect (District 5), and they will be affected by any court ordered redistricting. In addition, in his individual capacity Plaintiff Young resides in District 3 for the Colleton County School Board, so he has been personally disenfranchised and his voting rights have been diluted because he will have no elected representative on the School Board for at least two years, and he will be affected by any court order redistricting.

9. Defendants Clementa C. Pinckney, George E. "Chip" Campsen, III, C. Bradley Hutto, and John W. Matthews, Jr. are South Carolina Senators and members of the Colleton County Legislative Delegation with legislative authority over redistricting in the county, including for the Colleton County School Board, despite the fact that none of these Defendants reside in Colleton County. These Defendants are all sued in their official capacity.

10.     Defendants Robert L. Brown, Kenneth F. Hodges, Patsy G. Knight, and Bakari T. Sellers are members of the South Carolina House of Representatives and members of the Colleton County Legislative Delegation with legislative authority over redistricting in the county, including for the Colleton County School Board, despite the fact that none of these Defendants reside in Colleton County. These Defendants are all sued in their official capacity.

11.     The Defendants, both personally and through the conduct of their agents, servants and employees, were and are acting under color of state law at all times relevant to this action.

FACTS

12.     The Board of the Colleton County School District ("Board") consists of seven members elected from seven single member districts.

13.     Elections for the Board are non-partisan. Candidate qualification is scheduled to end in August 2014, and elections will be held at the time of the general election on November 4, 2014. The seven members are elected for terms of office of four years each, and the terms of office are staggered. Districts 1, 3, 5 and 7 serve during the same four year term, while Districts 2, 4 and 6 serve during the same 4 year term. Districts 2, 4, and 6, will be up for election in 2014, and District 1, 3, 5, and 7 will be up for election in 2016.

14.     The Board is the governing body for the Colleton County public school system, and as such, its members are required to be elected in conformity with the Fourteenth Amendment of the Constitution of the United States.

15.     The existing districts for the Board were drawn in 1991, and in light of the 2010 census the existing districts were malapportioned with a total deviation of 62.92% from the ideal

district size.[1]  Moreover, District 1-6 were all individually malapportioned, with deviations ranging from -27.88% (District 5) to 35.04% (District 4).

16.     Ostensibly to remedy this malapportionment, on May 7, 2014 Senator Pinckney introduced Senate Bill 1284 (S. 1284), which was legislation to reapportion the election districts from which members of the Colleton County School Board will be elected.

17.     S. 1284 was passed by both the South Carolina House and Senate and was signed into law on May 16, 2014, a mere nine days after it was introduced.  Unlike with most redistricting plans, there was no opportunity for the public to review proposed maps or to provide input regarding the legislation.

18.     According to multiple media reports, Senator Pinckey was motivated to introduce S. 1284 by a desire to "punish" three of the School Board members who voted in March 2014 to terminate the employment of the Colleton County School District Superintendent by unseating these Board members.  Senator Pinckney has denied these allegations, but the fact remains that of the four Board members who voted to dismiss the Superintendent, three of them were adversely affected by the impact of the legislation.[2]

19.     While S. 1284 cured the total deviation of the Board's districts by reducing it to 9.81%, the legislation relocated the sitting Board member for District 7 into District 4 and the

---

[1] Typically, when the actual district population as defined by the most recent Census is within 10% of the ideal population for a district, the district provides equal representation consistent with the one person, one vote requirement of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

[2] Board member William Bowman was moved from District 7 to District 4 by Senator Pinckney's redistricting plan.  The District 4 seat on the Board is currently held by Paul Haase. Board member P.A. Purnell was moved from District 3 to District 5 by the legislation.  All three of these Board members voted to terminate the employment of the Superintendent.

sitting Board member for District 3 into District 5, leaving the residents of both Districts 3 and 7 with no elected representatives on the School Board and no ability to vote for a candidate to represent them on the Board until 2016.

20. In addition to the disenfranchisement described in Paragraph 19, S. 1284 also forces residents of the new District 5 to be represented by an incumbent member of the School Board whom they did not elect.

21. On May 22, 2014, Senator Campsen introduced Senate Bill 1324 (S. 1324), and on June 4, 2014 Representative Hodges introduced House Bill 5354 (H. 5354). Both bills were designed to remedy the malapportioned School Board districts, and they did so without having any incumbent Board members drawn into new districts, demonstrating that it was not necessary to draw incumbent Board members out of their districts in order to cure the malapportionment. Neither S. 1324 nor H. 5354 were enacted prior to the adjournment of the South Carolina General Assembly, so they did not become law.

22. All of the political subdivision Plaintiffs represent residents who have either been disenfranchised and whose voting rights have been diluted by Senator Pinckney's legislation because they will have no elected representatives on the School Board for at least two years (Districts 3 and 7), or because they will be represented by an incumbent member of the School Board whom they did not elect (District 5), all in violation of the one person, one vote requirement of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

23. All of the organizational Plaintiffs represent member residents who have either been disenfranchised and whose voting rights have been diluted by Senator Pinckney's legislation because they will have no elected representatives on the School Board for at least two years (Districts 3 and 7), or because they will be represented by an incumbent member of the School

6

Board whom they did not elect (District 5), all in violation of the one person, one vote requirement of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

24.     As the Mayor of Walterboro, Plaintiff Young represents residents who have either been disenfranchised and whose voting rights have been diluted by Senator Pinckney's legislation because they will have no elected representatives on the School Board for at least two years (Districts 3 and 7), or because they will be represented by an incumbent member of the School Board whom they did not elect (District 5), all in violation of the one person, one vote requirement of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.  In addition, in his individual capacity Plaintiff Young resides in District 3, so he has been personally disenfranchised and his voting rights have been diluted by Senator Pinckney's legislation because he will have no elected representatives on the School Board for at least two years and no ability to cast a ballot for a Board member until 2016.

25.     The South Carolina House and Senate, and particularly the Colleton County Legislative Delegation, have the duty under state and federal law to redraw the districts for the Colleton County School District Board of Trustees every ten years based upon a true and correct enumeration of the county's inhabitants.

26.     Despite having had both an adequate opportunity and the ability to do so, the Colleton County Legislative Delegation has failed to secure and adopt legislation redistricting the existing districts for the School District Board of Trustees in a manner that cures any malapportionment without disenfranchising and diluting the voting rights of citizens of Colleton County in violation of the one person, one vote requirement.

27.    Elections for the School District Board of Trustees will be held under the current plan that disenfranchises and dilutes the voting rights of citizens of Colleton County unless enjoined by this Court.

## CLAIM ONE

28.    Further use of the existing districts for the Colleton County School District Board of Trustees would violate rights guaranteed to Plaintiffs, in their representative or individual capacity, by the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## RELIEF

29.    A real and actual controversy exists between the parties.

30.    Plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

31.    Plaintiffs and the residents of Colleton County whom they represent are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, Plaintiffs respectfully pray that this Court:

(1)    take original jurisdiction over this case;

(2)    enter a declaratory judgment that further use by Defendants of the existing districts for the Colleton County School District Board of Trustees violates rights guaranteed to Plaintiffs by the Fourteenth Amendment of the Constitution of the United States;

(3)    enter a permanent injunction prohibiting any further use of the existing districts for the Colleton County School District Board of Trustees;

(4)     commence proceedings to draft and implement a new redistricting plan in time for the 2014 elections that complies with one person, one vote and Section 2 of the Voting Rights Act;

(5)     award Plaintiffs the costs of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1988 and 1973*l*(e); and,

(6)     retain jurisdiction of this action and grant Plaintiffs any further relief which may in the discretion of this Court be necessary and proper to ensure that timely and lawful procedures are used in elections for the Colleton County School District Board of Trustees.

Respectfully submitted,

BOWERS LAW OFFICE LLC

By:  /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.
Federal Bar No. 7716
PO Box 50549
Columbia, South Carolina 29250
Tel:  (803) 753-1099
Fax:  (803) 250-3985
E-mail: butch@butchbowers.com

ATTORNEY FOR PLAINTIFFS

August 12, 2014